-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GABRIAN HIDALGO, 97A7235,
a/k/a GABRIEL MIDALGO,

           Plaintiff,

      -v-

C.O. GILBERT, Inspector General JOHN DOE,
C.O. SAND and 45 UNKNOWN
CORRECTIONS OFFICERS EMPLOYED
AT SOUTHPORT C/F,

           Defendants.
_____

**DECISION AND ORDER**
10-CV-6522L(P)

      Plaintiff, who is incarcerated in the Great Meadow Correctional Facility, was granted permission to proceed *in forma pauperis* on September 17, 2010 (Docket # 3). The Clerk of the Court was directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and the Court Order upon the named defendants. Summons were issued for defendants Sand and Gilbert, the only named defendants, on October 20, 2010. Plaintiff was adverted in the Court's initial Order that he would need to identify the unnamed defendants through discovery and amend his complaint prior to the expiration of the statute of limitations or any claims against those unidentified defendants could be lost. The Marshal's Service returned one acknowledgment of service form to the Court un-executed at the end of November, 2010 which notes "no such person" as to

defendant Sand. Plaintiff has made no motions or otherwise sought assistance of the Court with regard to service.

The Clerk of Court issued an Order to show cause why the action should not be dismissed for failure to prosecute on March 14, 2011 (Docket # 5). Plaintiff's response, dated April 4, 2011, seeks entry of default against defendant Gilbert for failure to plead and asserts that the defendants have a long history of evading responsibility for interfering with plaintiff's right to access to the courts (Docket #6). Therefore, plaintiff's response is also deemed to be a request for entry of default. The Court Clerk may not issue an entry of default without indication that a defendant has been properly served. As discussed below, the Court will direct another attempt at service and additionally direct service on defendants Gilbert and Sand through Counsel for the Department of Correctional Services. However, it appears that the statute of limitations for defendant Sand may run out without service having been effectuated. Plaintiff has, based on his own pleadings, had several actions dismissed for failure to prosecute, both in the Western District of New York and the Northern District of New York. Although the Court must assist plaintiff in effectuating service on a Department of Corrections defendant because of the limitations placed on prisoner litigants, see *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997), it is not sufficient for plaintiff to sit on his rights and fail to request the assistance of the Court to effect service in a timely manner.

Nevertheless, in light of plaintiff's reliance on the U. S. Marshal to perfect service and the fact he is a prisoner proceeding *pro se* with permission to proceed

*in forma pauperis*, the Court hereby extends the time for plaintiff to serve the defendants until September 21, 2011.

The Clerk of the Court is directed to cause the U. S. Marshal to again serve defendants Gilbert and Sand at Southport Correctional Facility. Additionally, the U.S. Marshal is also directed to send a copy of the papers to the New York State Department of Correctional Services Counsel, State Campus, Bldg. 2, Albany, New York 12226-2050, asking Counsel to forward the papers to the defendants' last known addresses and request that the defendants acknowledge service.

Plaintiff is advised that the U.S. Marshals will make every effort to serve the Complaint in a speedy fashion, but it remains plaintiff's obligation to perfect service within the deadlines for service, extended herein to September 21, 2011. The plaintiff may wish to continue to contact the U. S. Marshal office to inquire as to the status of service, and the U. S. Marshal office is directed to inform the Court by **August 21, 2011** regarding the responses or lack of response to the efforts to effect service on these defendants.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT COURT

Dated:  April 8 , 2011