UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GABRIAN HIDALGO, a/k/a Gabriel Midaldo,

                          Plaintiff,

                                                                DECISION AND ORDER

                                                                10-CV-6522L

                        v.

C.O. GILBERT,
INSPECTOR GENERAL JOHN DOE,
C.O. SAND,
45 Unknown Correction Officers employed at
Southport C/F.

                          Defendants.
_____

On June 5, 2011, defendant C. O. Gilbert moved for an order dismissing the complaint in this action (Dkt. #12). On June 16, 2011, the Court issued a scheduling order (Dkt. #14) giving plaintiff until July 18, 2011 to respond to Gilbert's motion. Plaintiff has not filed a response to the motion, nor has he taken any other steps to prosecute this action. For the following reasons, the motion is granted, and the complaint is dismissed.[1]

In addition, the current mailing address for plaintiff on file with the Court is Great Meadow Correctional Facility. The Department of Corrections and Community Services' internet inmate lookup service, http://nysdoccslookup.doccs.ny.gov, indicates that plaintiff was released from custody on October 12, 2011.

Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In addition, Rule 41.2 of the Local Rules for the Western District of

---

[1] The other named defendant, C.O. Sand, has never been served or appeared in this action, nor have any of the "John Doe" defendants. Given the Court's findings as set forth below, plaintiff's complaint is dismissed as to those defendants, and is therefore dismissed in its entirety.

New York provides that in a civil case in which no action has been taken by the parties in six months, "the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute." If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

As this Court has stated in a similar situation, "[i]t would be pointless here to send such an order to plaintiff, since he apparently is no longer receiving mail at the most recent address that he provided to the Court. In that regard, I note that *pro se* litigants are required by the Local Rules to furnish the Court with a current address at all times. Local Rule 5.2(d) expressly provides that '[f]ailure to do so may result in dismissal of the case with prejudice.'" *Earley v. Murray*, No. 03-CV-6338, 2008 WL 123939, at *2 (W.D.N.Y. Jan. 10, 2008).

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. Plaintiff has clearly ceased to take any steps to prosecute this case, despite the Court's scheduling order, which explicity warned plaintiff that his claims "MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THE MOTION ... ." Dkt. #14 at 1. In addition, the Court has been effectively prevented from further warning plaintiff that this action is subject to dismissal, because of his own failure to keep the Court apprised of his address. Under these circumstances, I see no reason to require defendants or the Court to continue to expend any further time or effort in this case. Defendant's motion is therefore granted.

**CONCLUSION**

Defendant's motion to dismiss the complaint (Dkt. #12) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 13, 2012.